UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:14-cr-00214 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Doc. 1194] |
| v. : |  |
| JAMES M. GRIFFIN, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant James M. Griffin requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Griffin's motion.

### I. Background

On August 28, 2015, Griffin pleaded guilty to one count of conspiracy with intent to distribute heroin and cocaine.[3] On December 15, 2015, this Court sentenced Griffin to 120 months of incarceration and five years of supervised release.[4] Griffin is scheduled for release in July 2023.[5]

### II. Discussion

On December 14, 2020, Griffin moved for compassionate release. On May 11, 2021, appointed counsel filed a supplemental motion for compassionate release. Griffin seeks a sentence reduction because he played a minor role in the drug conspiracy, he has been

---

[1] Docs. 1194, 1235.
[2] Doc. 1243.
[3] Doc. 839.
[4] Doc. 879.
[5] Doc. 1235 at 2.

Case No. 1:14-cr-00214
GWIN, J.

unable to complete rehabilitative program during the pandemic, and he wants to care for his sick mother.[6]

The Government opposes.[7] The Government argues Griffin has not established that extraordinary and compelling reasons warrant release. Moreover, the Government asserts the § 3553 factors do not support a sentence reduction.

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[8]

On October 2, 2020, Griffin asked the FCC Beaumont warden for a sentence reduction.[9] On October 14, the warden denied Griffin's request.[10] Because Griffin filed his motion with the Court more than thirty days after he sent his requests to the warden, Griffin satisfies the statutory exhaustion requirement.

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons[11] warrant [a sentence] reduction," (2) "ensure that such a reduction

---

[6] Doc. 1235.
[7] Doc. 1243.
[8] 18 U.S.C. § 3582(c)(1)(A); see also *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[9] Doc. 1243-1.
[10] *Id.*
[11] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Case No. 1:14-cr-00214
GWIN, J.

is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[12]

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[13] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[14]

In this case, the Court is not persuaded that extraordinary and compelling reasons warrant early release.

First, the Court already accounted for Griffin's minor role in the conspiracy at sentencing, imposing a sentence substantially below the guideline range.

Second, the prison's inability to offer programing during the pandemic has affected all inmates. Further, in light of Griffin's expulsion from the RDAP program in April 2021,[15] Griffin's inability to complete RDAP—and therefore earn a year off his sentence—is not an extraordinary and compelling reason to grant compassionate release.

Finally, while Griffin's family support and release plan is encouraging to the Court, it does not, on its own, justify early release.

Moreover, even if circumstances warranted a sentence reduction, the § 3553 factors work against Griffin. Griffin has a longer criminal history.[16] Further, Griffin is currently

---

[12] *Elias*, 984 F.3d at 518 ((citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[13] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[14] *Jones*, 980 F.3d at 1111.
[15] Doc. 1245 at 8.
[16] Doc. 1243 at 3.

- 3 -

Case No. 1:14-cr-00214
GWIN, J.

serving a mandatory minimum sentence, reflecting Congress's judgment about the seriousness of Griffin's crime.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Griffin's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: June 2, 2021            *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE